CHUANHUA YIN, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–75818.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007.*

Filed Feb. 23, 2007.

Daniel K.Y. Fong, Law Offices of Daniel K.Y. Long, Monterey Park, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM **

Chuanhua Yin, a native and citizen of the People's Republic of China, petitions

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

for review of the Board of Immigration Appeals' ("BIA") decision that affirmed the Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

When the BIA affirms an IJ decision without opinion, we review the decision of the IJ. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence, *see Gui v. INS,* 280 F.3d 1217, 1225 (9th Cir.2002), and we grant the petition for review and remand.

Yin claims the Chinese government persecuted her by subjecting her to a forced abortion, and by arresting and beating her for practicing Christianity.

■ With respect to the forced abortion claim, the IJ found that Yin was not credible. The IJ's disbelief over Yin's comparison of the severity of harms, as well as his findings about Yin and her husband's employment are speculative. *See Ge v. Ashcroft,* 367 F.3d 1121, 1124–25 (9th Cir.2004) (IJ's personal conjecture about what Chinese authorities would do in a given situation is impermissible basis for adverse credibility finding). In addition, the IJ's finding regarding Yin's omitted testimony is not supported by substantial evidence because the IJ failed to address Yin's explanation for the omission. *See Kaur v. Ashcroft,* 379 F.3d 876, 887 (9th Cir.2004).

■ With respect to Yin's religious persecution claim, the IJ found Yin credible and found that she did not suffer past persecution because the harm she suffered did not amount to persecution. Because she was arrested, interrogated, beaten to unconsciousness, and detained for three

days, substantial evidence does not support the IJ's finding. *See Korablina v. INS,* 158 F.3d 1038, 1044–45 (9th Cir. 1998).

Accordingly, we grant the petition as to asylum and withholding and remand for further proceedings consistent with this disposition. *See INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

We lack jurisdiction to address Yin's CAT claim because it is unexhausted. *See Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir.2004).

**PETITION FOR REVIEW GRANTED and REMANDED.**